Dear Sir:
You have asked for an opinion from this office as to whether LSA-R.S. 33:3741 or LSA-R.S. 33:4712 controls in the anticipated exchange by the City of Alexandria of approximately 4.9 acres in the City's Industrial Park for an approximately 10.75 acre parcel owned by private parties. The documents provided with your request indicate that all or a part of the property to be acquired will be necessary right-of-way for the construction of an extension of a city street.
The City of Alexandria, by Ordinance No. 93-1994, stated that the 4.9 acre parcel to be exchanged is no longer needed for public purposes. Additionally, the ordinance states that a related purpose of obtaining this Attorney General's Opinion is to determine whether the property will require appraisal before being exchanged. R.S. 33:3741 expressly requires an appraisal of the immovable properties prior to exchange.
The pertinent provision of R.S. 33:3741 provides that the municipality may exchange publicly owned property with "property owners for any public purpose." Public property is thereby exchanged for private property of equal value to be placed into public use. Implicit in the statute is the understanding that the property being exchanged is either serving a public purpose or needed for public use and is not excess property no longer needed for public purposes. R.S. 33:4712 permits the municipality to exchange public property with private persons "which is, in the opinion of the governing authority, not needed for public purposes." There is no express provision regarding the use to which this acquired property must be applied, thereby leaving that decision to the discretion of the governing authority.
The contemplated transaction has elements of both statutes at issue. Chapter 7 of Title 33, Streets and Sidewalks, focuses primarily on street improvements by the municipality or parish. Section 3741, prior to the last amendment (Acts 1950, No. 301, Section 1) dealt only with the exchange of streets with private owners as long as the property acquired was for a public purpose. The section was expanded to cover any public property in the inventory of the city. Chapter 13 of Title 33, Property and Buildings, deals with the methods of disposing of property no longer needed for public purposes. The decision as to which statute should be followed in the implementation of the exchange hinges, therefor, on the intent of the governing authority.
If the primary goal of the City of Alexandria is to acquire the entire 10.75 acres as necessary property (right-of-way) for the construction of an overpass and associated improvements as part of the extension of Third Street, with the focus being on the property to be acquired, then the City should adhere to Section 3741. If the goal is to dispose of excess property in the inventory of the City, with the focus being on the property to be disposed of, with a secondary goal of completing the road work with all or a portion of the acquired property, then it could be argued that Section 4712 is the applicable statute. This determination is within the discretionary powers of the governing authority.
We cannot make a definitive determination regarding the intent of the City based on the information available. As stated above, the transaction could be handled under either of the statutes without abusing the discretion of the governing authority. Consideration of the equities of the deal, the best interests of the citizens of Alexandria and the public fisc should be determinative.
We hope this meets your inquiry, however should you have any additional questions or comments please contact the undersigned at your convenience.
Very truly yours,
 Richard P. Ieyoub Attorney General
 By: Robert B. Barbor Assistant Attorney General